UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                :
ERIC J. LESANE,                              :

               Plaintiff,          :        OPINION AND ORDER

-against-                            :        11 Civ. 2104 (HB)

CITY OF NEW YORK, ET AL.,          :

               Defendants.      :
-----------------------------------------------------------------X

HAROLD BAER, JR., United States District Judge:

      By this Order, the Court decides Defendants' Motion to Dismiss. Plaintiff filed his Complaint on March 22, 2011. On September 19, 2011, Defendants moved, unopposed, to dismiss the Complaint. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

## BACKGROUND

      Plaintiff, appearing *pro se,* is a pre-trial detainee in the custody of the City of New York Department of Correction ("DOC"), incarcerated at all times relevant to this litigation at Otis Bantum Correctional Center ("O.B.C.C.") on Rikers Island. Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging inadequate conditions of confinement at O.B.C.C. Plaintiff's allegations include unfair visitation policies, unsanitary food service, inadequate hygiene procedures and difficulty accessing recreation. Plaintiff also alleges that he was denied medical attention on one occasion and that he was strip searched before and after contact visits.

## LEGAL STANDARD

      Plaintiff's failure to oppose Defendants' Motion to Dismiss, by itself, does not militate dismissal of the Complaint. *See McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000); *see also*

*Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983). "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall*, 232 F.3d at 322-23. In deciding an unopposed motion to dismiss, the Court must draw all inferences of fact in favor of the non-moving party. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). In addition, the Court affords a liberal construction to *pro se* pleadings. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d. Cir. 2006) (citations omitted).

## DISCUSSION

A.   Visitation Policies

The Plaintiff lacks standing to assert the claims concerning unfair visitation policies because he has failed to demonstrate a sufficient connection to and harm from the Defendants' alleged conduct. The right to initiate a lawsuit brings with it a threshold requirement that prevents a plaintiff from bringing claims before a court on behalf of persons not party to the litigation. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) ("whether the plaintiff has made a 'case or controversy' . . . within the meaning of Article III . . . is the threshold question in every federal case, determining the power of the court to entertain suit"); *Arizonians for Official English v. Arizona*, 520 U.S. 43, 64 (1997). The burden of establishing the right to initiate a lawsuit rests with the plaintiff. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

To demonstrate the right to initiate a lawsuit, Plaintiff must show that (i) he has personally suffered some actual or threatened injury as a result of Defendants' alleged illegal conduct; (ii) the injury is fairly traceable to Defendants' conduct; and (iii) the injury is likely to be redressed by the requested relief. *Valley Forge Christian College v. American United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982); *Pashaian v. Eccelston Properties, Ltd.*, 88 F.3d 77, 82 (2d Cir. 1996). Whatever personal interest Plaintiff may have in challenging the Defendants' visitation policies, he does not allege that he suffered injury as a

result of their alleged actions. Accordingly, Plaintiff fails to demonstrate that he is entitled to have the Court address his claims regarding visits and how visitors are treated by Defendants.

B.     Inadequate Medical Care

Plaintiff's allegation that he was denied medical attention on one occasion does not rise to the level of a constitutional violation. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that "deliberate indifference to serious medical needs constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Id*. at 104. At a minimum, there must be "at least some allegation of a conscious or callous indifference to a prisoner's rights." *Zaire v. Dalsheim*, 698 F. Supp. 57, 59 (S.D.N.Y. 1988) (citations omitted); *see also Gill v. Mooney*, 824 F.2d 192, 195-96 (2d Cir. 1987). "Deliberate indifference" must be evidenced by proof that a defendant intentionally denied, delayed access to or interfered with prescribed treatment. *Id*. at 104-06. *See also Hathaway v. Coughlin*, 37 F.2d 63, 66-68 (2d Cir. 1994); *Gill*, 824 F.2d at 195-96; *Collins v. Ward*, 652 F. Supp. 500, 510 (S.D.N.Y. 1987); *Williams v. Coughlin*, 650 F. Supp. 955, 957 (S.D.N.Y. 1987).

Plaintiff's allegation that he was denied medical care on one occasion fails to demonstrate that prison officials were deliberately indifferent to his medical needs. Plaintiff fails to allege sufficient facts demonstrating a delay or denial of care to a serious medical need and any consequences he suffered due to being denied medical care on one occasion.

C.     Strip Searches

Plaintiff's allegation that he was strip searched before and after contact visits also fails to rise to the level of a constitutional violation. The Fourth Amendment requires all searches within a prison to be reasonable. *Jean-Laurent v. Wilkinson*, 438 F. Supp. 2d 318, 323 (S.D.N.Y. 2006) (citing *Bell v. Wolfish*, 441 U.S. 520, 558 (1979)). Strip searches are generally permissible if they serve a legitimate penological goal. *Jean-Laurent*, 438 F. Supp. 2d at 323 (citing *Covino v. Patrissi*, 967 F.2d 73, 79 (2d Cir. 1992)). Particularly, strip searches after contact visits have

3

been upheld because they prevent smuggling of contraband that could threaten the safety and security of the prison. *Jean-Laurent*, 438 F. Supp. 2d at 323.

A strip search is unconstitutional, however, if it does not serve a legitimate penological goal, such as if it is meant to intimidate, harass or punish a prisoner. *Covino*, 967 F.2d at 80 (holding that verbal and physical abuse accompanying a strip search supports a finding that the strip search is intended to harass and intimidate). Additionally, strip searches, made after a prisoner has had no opportunity to acquire contraband, generally do not serve a reasonable penological goal and are held unconstitutional. *Hodges v. Stanley*, 712 F.2d 34, 35-36 (holding that a second strip search performed soon after a first strip search served no legitimate penalogical goal); *Jean-Laurent*, 438 F. Supp. 2d at 323 (holding a second strip search conducted shortly after a first strip search, when the prisoner had no contact with people or opportunity to acquire contraband, violated the Fourth Amendment).

Here, Plaintiff fails to demonstrate that the strip searches that he was subjected to violated the Fourth Amendment because he fails to allege facts sufficient to show that the searches were unreasonable, that they failed to serve a reasonable penological goal, or that they were intended to intimidate, harass or punish him.

D.   Conditions of Confinement

Plaintiff's allegations of unsanitary food service, inadequate hygiene procedures and difficulty accessing recreation fail to state a claim upon which relief can be granted. As a pretrial detainee, Plaintiff may not be subjected to conditions and restrictions that amount to "punishment" without due process of law. *Bell*, 441 U.S. at 536-37. In order to sustain a claim that prison conditions are "cruel and unusual," a prisoner must allege facts illustrating that prison officials were deliberately indifferent to the conditions. *See Wilson v. Seiter*, 501 U.S. 294 (1991). This means a plaintiff must allege facts evidencing that (i) he has been denied the "minimum civilized measure of life's necessities," *id*. (quoting *Rhodes v. Chapman*, 452 U.S.

4

337 (1981)), and (ii) Defendants "knew of and disregarded an excessive risk to inmate health or safety." *Branham v. Meachum*, 77 F.3d 626, 631 (2d Cir. 1996) (citation omitted).

In his Complaint, Plaintiff fails to allege facts sufficient to show that Defendants acted with the requisite intent to sustain a claim.

E.    Personal Involvement

Regardless of the facts alleged, Plaintiff's claims against Commissioner Schriro, Warden Czermiawski, Deputy Hall, Deputy Miller, and Deputy Moore must be dismissed. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the defendants' direct and personal involvement in the alleged constitutional depravation. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991). A defendant can be personally involved in a § 1983 violation if "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful act, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citations omitted). Liability for damages in a § 1983 action may not be based on the *respondeat superior* or vicarious liability doctrines. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). Plaintiff fails to allege any facts to indicate that Commissioner Schriro, Warden Czermiawski, Deputy Hall, Deputy Miller, and Deputy Moore had any personal involvement in, knowledge of, or responsibility for any constitutional deprivation relating to his claims.

F.    The New York City Department of Correction

Additionally, Plaintiff cannot bring an action against the New York City Department of Correction. An agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); *see Brewton v. City of New York*, 550 F. Supp. 2d 355, 368 (E.D.N.Y. 2008); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999).

G.      Municipal Liability

Finally, Plaintiff's allegations fail to establish municipal liability. A complaint brought under § 1983 alleging violations of a plaintiff's federally protected rights by a municipality, such as the City of New York, must include factual allegations suggesting the existence of an officially adopted policy or a custom of the municipality that caused plaintiff's injury and must also include allegations suggesting a direct and deliberate causal connection between that policy or custom and the violation of that plaintiff's federally protected rights. *See Bd. of County Comm'rs of Bryan County, OK v. Brown*, 520 U.S. 397, 403-04 (1997); *Monell*, 436 U.S. at 694.

Here, Plaintiff fails to allege facts that plausibly suggest a direct and deliberate causal connection between an official policy or custom of this municipal Defendant and the alleged violations of plaintiff's federally protected rights.

## CONCLUSION

For the foregoing reasons, Plaintiff has not stated a claim upon which relief may be granted. Nothing contained in the Complaint suggests that an amendment could cure its deficiencies. Therefore, Defendants' Motion to Dismiss is granted in its entirety.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Because no further issues remain in this action, the Clerk of Court is directed to enter judgment granting Defendants' Motion to Dismiss in its entirety and close the case.

SO ORDERED:

_____
HAROLD BAER, JR.
United States District Judge

Dated: 11/3/11
New York, New York